IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| WILLIAMS-PYRO, INC., | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| | § | Civil Action No. 4:12-cv-546-O |
| WARREN WATTS TECHNOLOGY | § | |
| L.L.C., | § | |
| | § | |
|    Defendants. | § | |

**PLAINTIFF'S BRIEF IN SUPPORT OF ITS MOTION FOR RECONSIDERATION
AND REQUEST FOR EXPEDITED BRIEFING SCHEDULE**

Dated:  July 27, 2015                                          Respectfully submitted,

                                                                                      */s/ Michael D. Anderson*
                                                                                 J. Lyndell Kirkley
                                                                                  State Bar No. 11523000
                                                                                  Email: kirkley@kbblawyers.com
                                                                                  KIRKLEY & BERRYMAN, L.L.P.
                                                                                   100 N. Forest Park Blvd., Suite 220
                                                                                  Fort Worth, Texas 76102
                                                                                  (817) 335-3311  (Telephone)
                                                                                  (817) 335-7733  (Facsimile)

                                                                                 and

                                                                                 Hugh G. Connor II
                                                                                 State Bar No. 00787272
                                                                                 Email: hugh.connor@kellyhart.com
                                                                                 Michael D. Anderson
                                                                                 State Bar No. 24031699
                                                                                 Email:  michael.anderson@kellyhart.com
                                                                                 Derek W. Anderson
                                                                                 State Bar No. 24012215
                                                                                 Email: derek.anderson@kellyhart.com
                                                                                 KELLY HART & HALLMAN LLP
                                                                                 201 Main Street, Suite 2500
                                                                                 Fort Worth, Texas  76102
                                                                                 (817) 332-2500  (Telephone)
                                                                                 (817) 878-9280  (Facsimile)
                                                                                 **ATTORNEYS FOR PLAINTIFF**

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ...................................................................................................3

I.        SUMMARY OF THE ARGUMENT ......................................................................6

II.       APPLICABLE LEGAL STANDARDS ................................................................8

       A.    Legal Standard for Reconsideration of a Partial Summary Judgment Order...........8

       B.    Legal Standard for Resolving Summary Judgment Based on the Affirmative Defense of Obviousness....................................................................................9

III.     ARGUMENT & AUTHORITIES .........................................................................11

       A.    WWT Failed to Satisfy its Burden as the Summary Judgment Movant. ...............11

       B.    WPI Submitted Evidence From A POSITA Regarding The First And Second Graham Factors. .....................................................................................13

       C.    WPI Presented Evidence Of Objective Considerations Of Nonobviousness. .......15

       D.    Judicial Economy And Efficiency Weigh In Favor Of Reconsideration...............16

IV.     PRAYER FOR RELIEF .......................................................................................17

CERTIFICATE OF SERVICE .................................................................................................19

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*American Hoist & Derrick Co. v. Sowa & Sons, Inc.*,
725 F.2d 1350 (Fed. Cir. 1984)....................11

*Atmel Corp. v. Silicon Storage Tech., Inc.*,
76 F. App'x 298 (Fed. Cir. 2003) ....................10

*Avocent Huntsville Corp. v. ClearCube Technology, Inc.*,
443 F. Supp. 2d 1284 (N.D. Alabama 2006) ....................13

*B-K Lighting, Inc. v. Fresno Valves & Castings, Inc.*,
375 F. App'x 28 (Fed. Cir. 2010) ....................11

*by Little v. Liquid Air Corp.*,
37 F.3d 1069 (5th Cir. 1994) (en banc) ....................9

*by Therasense, Inc. v. Becton, Dickinson & Co.*,
649 F.3d 1276 (Fed. Cir. 2011)....................11

*Calpetco 1981 v. Marshall Exploration, Inc.*,
989 F.2d 1408 (5th Cir. 1993) ....................8

*Commonwealth Scientific & Indus. Research Org. v. Buffalo Tech*.,
Inc. 542 F.3d 1363, 1377-78 (Fed. Cir. 2008) ....................10

*Cooper v. Ford Motor Co.*,
748 F.2d 677 (Fed. Cir. 1984)....................10

*Crown Operations Int'l, Ltd. v. Solutia Inc.*,
289 F.3d 1367 (Fed. Cir. 2002)....................9

*Dos Santos v. Bell Helicopter Textron, Inc. Dist.*,
651 F. Supp. 2d 550 (N.D. Tex. 2009) ....................8

*Eli Lilly & Co. v. Barr Labs., Inc.*,
251 F.3d 955 (Fed. Cir. 2001)....................9

*Estate of Henson v. Wichita Cnty.*,
988 F. Supp. 2d 726 (N.D. Tex. 2013) ....................8

*Gambro Lundia AB v. Baxter Healthcare Corp.*,
110 F.3d 1573 (Fed. Cir. 1997)....................16

*Graham v. John Deere Co.*,
    383 U.S. 1 (1966) ................................................................... 6, 7, 10, 11, 12, 13, 14, 15, 16

*Hewlett-Packard Co. v. Bausch & Lomb Inc.*,
    909 F.2d 1464 (Fed. Cir. 1990) ................................................................................. 11, 13

*Honeywell Int'l, Inc. v. Universal Avionics Systems, Corp.*,
    488 F.3d 982 (Fed. Cir. 2007) .......................................................................................... 17

*Invitrogen Corp. v. Clontech Labs., Inc.*,
    429 F.3d 1052 (Fed. Cir. 2005) ........................................................................................ 12

*Kinetic Concepts, Inc. v. Smith & Nephew, Inc.*,
    688 F.3d 1342 (Fed. Cir. 2012) ........................................................................................ 16

*Lavespere v. Niagara Mach. & Tool Works, Inc.*,
    910 F.2d 167 (5th Cir. 1990) .............................................................................................. 9

*McGinley v. Franklin Sports, Inc.*,
    262 F.3d 1339 (Fed. Cir. 2001) ........................................................................................ 13

*Metro. Life Ins. Co. v. Bancorp Servs., L.L.C.*,
    527 F.3d 1330, 1338-39 (Fed. Cir. 2008) ........................................................................ 10

*Minton v. Nat'l Ass'n of Sec. Dealers, Inc.*,
    226 F. Supp. 2d 845 (E.D. Tex. 2002), *aff'd*, 336 F.3d 1373 (Fed. Cir. 2003) ................ 9

*Optical Disc Corp. v. Del Mar Avionics*,
    208 F.3d 1324 (Fed. Cir. 2000) ........................................................................................ 10

*OSRAM Sylvania, Inc. v. Am. Induction Techs., Inc.*,
    701 F.3d 698 (Fed. Cir. 2012) ..................................................................................... 7, 10

*Plantronics, Inc. v. Aliph, Inc.*,
    724 F.3d 1343 (Fed. Cir. 2013) .......................................................................................... 9

*Rolls-Royce, PLC v. United Techs. Corp.*,
    603 F.3d 1325 (Fed. Cir. 2010) ........................................................................................ 10

*Sanofi-Aventis Deutschland GmbH v. Glenmark Pharm. Inc., USA*,
    748 F.3d 1354 (Fed. Cir. 2014) ........................................................................................ 10

*Sealant Sys. Int'l, Inc. v. TEK Global, S.R.L.*,
    Nos. 2014-1405, 2014-1428, 2015 WL 3622097 (Fed. Cir. June 11, 2015) ............... 10, 14

*SRAM Corp. v. AD-II Eng'g, Inc.*,
    465 F.3d 1351 (Fed. Cir. 2006) ........................................................................................ 11

*SRI Int'l v. Matsushita Elec. Corp. of Am.*,
   775 F.2d 1107 (Fed. Cir. 1985) (en banc)..................................................................................9

*Wahpeton Canvas Co., Inc. v. Frontier, Inc.*,
   870 F.2d 1546 (Fed. Cir. 1989)..................................................................................................17

**Federal Rules**

FED. R. CIV. P. 56(c) ...........................................................................................................................9

Federal Rule of Civil Procedure 54(b).........................................................................................6, 8

Pursuant to Federal Rule of Civil Procedure 54(b), Plaintiff Williams-Pyro, Inc. ("**WPI**") files this its Motion for Reconsideration and Request for Expedited Briefing Schedule and Brief in Support thereof. WPI respectfully shows the Court as follows:

## I.
## SUMMARY OF THE ARGUMENT

On July 11, 2015, the Court issued its Order (ECF No. 158) granting, in part, Defendant Warren Watts Technology, L.L.C.'s ("**WWT**") Motion for Partial Summary Judgment (ECF Nos. 96-97). In its Order, the Court invalidated claims 23 and 24 of U.S. Patent No. 5,518,075 ("**the '075 Patent**") as being obvious in light of the prior art. Immediately thereafter, the Court entered Final Judgment (ECF No. 159).

The Court subsequently vacated its Final Judgment (ECF No. 165) because there was no order disposing of WPI's claim that WWT infringed claims 25 and 26 of the '075 Patent. The Court then set the two remaining infringement claims for a jury trial, scheduled to begin on August 24, 2015. In advance of the trial setting, WPI respectfully requests that the Court reconsider and vacate its summary judgment order invalidating claims 23 and 24 on the following grounds.

*First*, WWT failed to carry its initial summary judgment burden to establish by clear and convincing evidence that claims 23 and 24 are invalid as obvious. That it failed to do so is made clear by the fact that WWT failed to proffer testimony from anyone, let alone a person of ordinary skill in the art (a "**POSITA**"), establishing the two threshold factual inquiries under *Graham*: (1) the proper scope and content of the prior art; and (2) the differences between the claims and the prior art.[1] These basic omissions are critical inasmuch as the Court based its

---

[1] The *Graham* factors are: "(1) the scope and content of the prior art; (2) the differences between the claims and the prior art; (3) the level of ordinary skill in the art; and (4) objective considerations of nonobviousness." *OSRAM Sylvania, Inc. v. Am. Induction Techs., Inc.*, 701 F.3d 698, 706 (Fed. Cir. 2012).

obviousness decision on its underlying determination that two patents (the '342 and '752 patents) identified by WWT were analogous and, therefore, part of the prior art.

*Second*, notwithstanding WWT's basic failure to satisfy its initial burden, WPI actually submitted evidence disputing that a POSITA would consider the '342 and '752 patents part of the prior art. WPI also submitted evidence disputing that a POSITA would have any motivation to combine different prior art references under the second *Graham* factor. The Court acknowledged that both of these issues present questions of fact. WPI, therefore, respectfully submits that the Court erred when it impermissibly weighed and resolved disputed facts against WPI, the non-movant.

*Third*, WPI submitted evidence in support of the fourth factual inquiry under *Graham*: objective considerations of nonobviousness. WPI, for example, presented evidence of commercial success, copying, and industry praise. WPI's evidence demonstrated the existence of genuine issues of material fact for a jury to resolve, thereby precluding summary judgment.

*Fourth*, WPI submits that the Court should reconsider and vacate its summary judgment order for reasons of judicial economy and efficiency. The Court is set to try claims 25 and 26. Claims 25 and 26 are dependent claims. Claim 25 depends on claim 23, and claim 26 depends on claim 24. As such, WPI will necessarily have to establish infringement of claims 23 and 24 to prevail on its infringement contentions regarding claims 25 and 26, respectively.

Based on its recent briefing with this Court (ECF No. 164), WWT will attempt at trial to establish that (1) it did not infringe claims 25 or 26, and (2) claims 25 and 26 are obvious and, therefore, invalid. The net result is that there will be a trial on infringement of claims 23 through 26 and obviousness pertaining to claims 25 and 26, notwithstanding the existing summary judgment order. WPI respectfully submits that if there is going to be a trial on infringement and

invalidity, the Court should try the underlying factual inquiries pertaining to WWT's affirmative defense of obviousness as to claims 23 and 24 to the same jury in the interest of judicial economy. Both the Court and the parties will benefit from a complete record on all issues.

Finally, WPI respectfully requests that all briefing be scheduled on an expedited basis so that these issues can be adjudicated prior to the commencement of the August 24th trial.

## II.
## APPLICABLE LEGAL STANDARDS

### A.    Legal Standard for Reconsideration of a Partial Summary Judgment Order.

Federal Rule of Civil Procedure 54(b) provides, in pertinent part, that an order adjudicating "fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment." FED. R. CIV. P. 54(b). Although the precise standard for evaluating a motion to reconsider under Rule 54(b) is unclear, whether to grant such a motion rests with the broad discretion of the court. *Dos Santos v. Bell Helicopter Textron, Inc. Dist.*, 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009); *see also Calpetco 1981 v. Marshall Exploration, Inc.*, 989 F.2d 1408, 1414-15 (5th Cir. 1993).

A motion for reconsideration under Rule 54(b) "requires the court to determine 'whether reconsideration is necessary under the relevant circumstances.'" *Estate of Henson v. Wichita Cnty.*, 988 F. Supp. 2d 726, 729 (N.D. Tex. 2013) (quoting *M3Girl Designs LLC v. Purple Mountain Sweaters*, No. 3:09-CV-2334-G, 2010 WL 304243, at *1 (N.D. Texas Jan. 22, 2010)). Because the granting of a partial summary judgment is an interlocutory order, the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law. *See Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), *abrogated*

on other grounds by *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n. 14 (5th Cir. 1994) (en banc).

B. **Legal Standard for Resolving Summary Judgment Based on the Affirmative Defense of Obviousness.**

A party is only entitled to summary judgment where the court determines, from its examination of the record evidence, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *SRI Int'l v. Matsushita Elec. Corp. of Am.*, 775 F.2d 1107, 1116 (Fed. Cir. 1985) (en banc). In evaluating a motion for summary judgment, "the court views the record evidence through the prism of the evidentiary standard of proof that would pertain at a trial on the merits." *Eli Lilly & Co. v. Barr Labs., Inc.*, 251 F.3d 955, 962 (Fed. Cir. 2001) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252-53 (1986)). A patent is presumed valid, and that presumption may only be overcome by clear and convincing evidence. *Id*. Thus, a moving party seeking to invalidate a patent at summary judgment bears the burden of submitting such clear and convincing evidence of invalidity that no reasonable jury could find otherwise. *Id*.

Once the movant satisfies its initial burden, the non-movant must establish a genuine issue of material fact by presenting actual evidence and cannot rest on mere allegations. *Crown Operations Int'l, Ltd. v. Solutia Inc.*, 289 F.3d 1367, 1375 (Fed. Cir. 2002) (citing *Anderson*, 477 U.S. at 248). In determining whether a genuine issue of material fact exists, the court views the evidence in the light most favorable to the nonmoving party and resolves all doubts in its favor. *Plantronics, Inc. v. Aliph, Inc.*, 724 F.3d 1343, 1353 (Fed. Cir. 2013); *Minton v. Nat'l Ass'n of Sec. Dealers, Inc.*, 226 F. Supp. 2d 845, 874 (E.D. Tex. 2002), *aff'd*, 336 F.3d 1373 (Fed. Cir. 2003).

While an invalidity defense based on obviousness is a question of law, it is premised upon underlying factual determinations. *Rolls-Royce, PLC v. United Techs. Corp.*, 603 F.3d 1325, 1338 (Fed. Cir. 2010). The underlying factual inquiries, referred to as the four *Graham* factors, are: "(1) the scope and content of the prior art; (2) the differences between the claims and the prior art; (3) the level of ordinary skill in the art; and (4) objective considerations of nonobviousness." *OSRAM*, 701 F.3d at 706; *see also Graham v. John Deere Co.*, 383 U.S. 1, 17-18 (1966).

The *Graham* factual inquiries are material to the outcome on patent invalidity, and thus, summary judgment will be inappropriate if these material facts are in dispute. *See Commonwealth Scientific & Indus. Research Org. v. Buffalo Tech., Inc.* 542 F.3d 1363, 1377-78 (Fed. Cir. 2008); *Cooper v. Ford Motor Co.,* 748 F.2d 677, 679-80 (Fed. Cir. 1984); *see also Sealant Sys. Int'l, Inc. v. TEK Global, S.R.L.*, Nos. 2014-1405, 2014-1428, 2015 WL 3622097, at *6 (Fed. Cir. June 11, 2015) (reversing grant of summary judgment on obviousness grounds and recognizing that the content of prior art presents an issue of fact); *Sanofi-Aventis Deutschland GmbH v. Glenmark Pharm. Inc., USA*, 748 F.3d 1354, 1358-61 (Fed. Cir. 2014) (affirming jury's determination of underlying factual inquiries on obviousness and acknowledging that the jury could reasonably have relied on the patentee's expert on obviousness); *Atmel Corp. v. Silicon Storage Tech., Inc.,* 76 F. App'x 298, 310 (Fed. Cir. 2003) ("When the parties dispute the underlying facts, the issue of obviousness typically is submitted to the jury, as it was in this case.").[2]

---

[2] Summary judgment is inappropriate where experts present conflicting opinions on a factual matter pertinent to a determination of obviousness. *See Metro. Life Ins. Co. v. Bancorp Servs., L.L.C.*, 527 F.3d 1330, 1338-39 (Fed. Cir. 2008) (noting that summary judgment was "not appropriate" where there was "a direct conflict in the [expert] declarations as to a material fact under MetLife's interpretation of the claims."); *Optical Disc Corp. v. Del Mar Avionics*, 208 F.3d 1324, 1338-39 (Fed. Cir. 2000) (overturning grant of summary judgment: "[i]n view of the conflicting [expert] testimony, we are not prepared to say that no reasonable jury would believe [plaintiff's

## III.
## ARGUMENT & AUTHORITIES

**A.   WWT Failed to Satisfy its Burden as the Summary Judgment Movant.**

WWT bore the initial summary judgment burden of establishing by clear and convincing evidence that claims 23 and 24 are obvious. *SRAM Corp. v. AD-II Eng'g, Inc.*, 465 F.3d 1351, 1357 (Fed. Cir. 2006) ("[A] moving party seeking to invalidate a patent at summary judgment must submit such clear and convincing evidence of facts underlying invalidity that no reasonable jury could find otherwise."). WWT did not satisfy its initial burden.

To resolve WWT's motion, the Court had to resolve the threshold *Graham* factor: the scope and content of the prior art. In its motion, WWT stated that it relied on five prior art references to invalidate the '075 Patent: the '307 patent, along with the '342, '752, '801, and '249 patents. [Def.'s Mot. Partial Summ. J. (ECF No. 96) at 21]. WPI agreed that the '307 patent was part of the prior art.[3] As the Court acknowledged, though, the parties disputed whether the '342, '752, '801, and '249 patents were analogous and, therefore, constituted prior art. [Order (ECF No. 158) at 10, 13, 16-17]. The Court further acknowledged that "'[t]he analogous art inquiry is a factual one, requiring inquiry into the similarities of the problems and

---

expert].''); *see also B-K Lighting, Inc. v. Fresno Valves & Castings, Inc.*, 375 F. App'x 28, 32-33 (Fed. Cir. 2010) (holding that a conflict in expert testimony over the content of a certain prior art reference precluded summary judgment).

[3] Without the '342 and '752 patents, the Court would be left to make its obviousness determination based on prior art – the '307 patent – already considered by the PTO examiner. WPI submits that it would be error for the Court to grant summary judgment on that record. When no prior art other than that which was considered by the PTO examiner is relied on by the accused infringer to show invalidity, then the accused has the added burden of overcoming the deference that is due to a qualified government agency presumed to have properly done its job, which includes one or more examiners who are assumed to have some expertise in interpreting the references and to be familiar from their work with the level of skill in the art and whose duty it is to issue only valid patents. *American Hoist & Derrick Co. v. Sowa & Sons, Inc.*, 725 F.2d 1350, 1359 (Fed. Cir. 1984), *abrogated on other grounds by Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276 (Fed. Cir. 2011); *Hewlett-Packard Co. v. Bausch & Lomb Inc.*, 909 F.2d 1464, 1467 (Fed. Cir. 1990) (recognizing that the burden of invalidating a patent "is especially difficult when the prior art was before the PTO examiner during the prosecution of the application.").

the closeness of the subject matter **as viewed by a person of ordinary skill**.'" [*Id*. at 8 (quoting *Sci. Plastic Prods., Inc. v. Biotage AB*, 766 F.3d 1355, 1360 (Fed. Cir. 2014)) (emphasis added)].

WWT failed to present any evidence from a POSITA as to whether the '342, '752, '801, and '249 patents were analogous and, thus, prior art. Instead, as is the case with much of WWT's motion, WWT relied upon unsubstantiated attorney argument. "Unsubstantiated attorney argument regarding the meaning of technical evidence is no substitute for competent, substantiated expert testimony. It does not, and cannot, support [defendant]'s burden on summary judgment." *Invitrogen Corp. v. Clontech Labs., Inc.*, 429 F.3d 1052, 1068 (Fed. Cir. 2005).

In the absence of evidence, WWT failed to satisfy its summary judgment burden regarding inclusion of any of the '342, '752, '801, and '249 patents as prior art. As a result, the Court committed error when it concluded that the '342 and '752 patents were analogous and part of the prior art. The '342 and '752 patents never should have been included in the prior art under the Court's *Graham* analysis without some sponsoring evidence from a POSITA. This threshold error injected error into the balance of the Court's analysis of the *Graham* factors.

WWT likewise failed to carry its summary judgment burden with respect to the second *Graham* factor: the differences between the claims and the prior art. In connection with the second *Graham* factor, the Court pointed out that "[o]bviousness may be demonstrated by showing that the prior art references combined together disclose all of the limitations of the asserted claims."[4] [Order (ECF No. 158) at 17]. The Court, however, recognized that "[s]uch a

---

[4] None of the prior art, even if the '342 and '752 patents were properly considered (they were not), disclose or even teach the following combination required by Claim 23: "one of said end walls having a plurality of spaced apart segments extending outward from a central portion to an outer portion with each segment being formed by a scored line . . . a plurality of embossed portions formed in spaced apart lines extending from said central portion to said outer portion with one of each of said embossed portions extending between adjacent [scored] segment(s) . . . ." Given claim 23 of the '075 patent involves more than the mere inclusion of embossments, the '342 and '752 patents

showing requires Defendant to demonstrate that a POSITA in the inventor's position would have had a motivation to combine different prior art references together." [*Id*.]. WWT did not provide any evidence from a POSITA sufficient to establish any motivation to combine the '307 patent with the '342 and/or '752 patents.[5] Instead, WWT again relied on unsubstantiated attorney argument. The absence of evidence is fatal to WWT's motion for partial summary judgment.

### B. WPI Submitted Evidence From A POSITA Regarding The First And Second *Graham* Factors.

In its Order, the Court acknowledged that the first and second *Graham* factors involve questions of fact. That is, whether a reference is to be included as prior art is a question of fact. [Order (ECF No. 158) at 8-9]. Similarly, whether there is a reason to combine prior art references is a question of fact. [*Id*. at 17-18].[6]

WPI submitted evidence from Craig Walters and Donald Murray disputing: (1) the scope and content of the prior art;[7] and (2) whether there is a reason to combine the prior art references.

---

could not have been utilized to invalidate the '075 Patent (even if they were properly considered, which they were not).

[5] The motivation requirement demands that a party attacking a patent based on obviousness grounds present clear and convincing evidence as to "why" a person of ordinary skill in the art would have been lead, at the time of the challenged invention, to select and combine the particular references relied upon as prior art, to achieve the invention at issue. *Avocent Huntsville Corp. v. ClearCube Technology, Inc.*, 443 F. Supp. 2d 1284, 1340 (N.D. Alabama 2006). Thus, a showing of some motivation to combine alleged prior art references is an essential evidentiary component of a determination that a patent is invalid based on obviousness grounds. *Id*. at 1341. Where, as here, there is no expert testimony answering "why" a person of ordinary skill in the art would have been motivated to select and combine the alleged prior art references, at the time of the challenged invention, clear and convincing evidence does not exist supporting a holding of obviousness. *Id*. at 1341-1342; *Hewlett-Packard Co. v. Bausch & Lomb, Inc.*, 909 F.2d 1464, 1468 (Fed. Cir. 1990) (recognizing a party attacking the validity of a patent must actually present evidence explaining the "why" component underlying an obviousness determination).

[6] To prevent improper hindsight invalidation of patent claims, the law compels "some 'teaching, suggestion, or reason' to combine cited references." *McGinley v. Franklin Sports, Inc.*, 262 F.3d 1339, 1351 (Fed. Cir. 2001) (citation omitted) (warning "[t]he genius of invention is often a combination of known elements which in hindsight seems preordained"). Genuine issues of material fact existed as to whether there was any teaching, suggestion, or reason to combine any references.

[7] WPI even submitted testimony from WWT's expert (an expert WWT chose not to rely upon for purposes of summary judgment) establishing that he was personally unable to locate the '342, '752, '801, and '249 patents

[WPI Response Brief (ECF No. 104) at 14-25]. WWT did not object to any of this evidence, and the Court did not exclude any of it. As a result, testimony from Walters and Murray demonstrated the existence of genuine issues of material fact for the jury to resolve regarding the first and second *Graham* factors. *Sealant Sys.*, 2015 WL 3622097, at *6 (reversing grant of summary judgment on obviousness grounds and recognizing that the content of prior art presents an issue of fact). WPI respectfully submits the Court erred in granting summary judgment by disregarding the testimony of Walters and Murray.

WPI respectfully submits that the Court also erred when it subsequently weighed conflicting evidence and then determined that "it would have been a predictable solution to add embossments to strengthen the lid." [Order (Docket No. 158) at 21]. The Court previously rejected WWT's argument that the problem facing the inventor of the '075 Patent was "merely strengthening the lid." [*Id.* at 9]. Instead, the Court stated that it would "conduct the analogous analysis assuming the problem is the puffing problem—the prevention of can distortion in order to facilitate the proper opening of the petals." [*Id.*]. In its conclusion regarding the second *Graham* factor, however, the Court made its ultimate conclusion in the stated context of strengthening the lid, not in the context of the puffing problem or the prevention of can distortion.[8] [*Id.* at 21 ("Accordingly, there is clear and convincing evidence from the prior art that it would have been a predictable solution to add embossments to strengthen the lid.")]. Again, WPI respectfully submits that the Court erred in using this framework given its prior determination regarding the problem facing the inventor of the '075 Patent.

---

WWT argued (without evidence) were part of the prior art. [App. to WPI Response Brief (ECF No. 128-6) at 313 (Arthur Hedrick Dep., 13:25—14:23)]. This too raised a serious fact issue for the jury to resolve regarding the scope and content of the prior art.

[8] The Court did refer to the puffing problem at page 20 of the Order in its analysis of the second *Graham* factor. WPI, however, respectfully submits that the Court's overall analysis of the second *Graham* factor was focused predominantly on the context of strengthening the lid, as opposed to the puffing problem.

C.  **WPI Presented Evidence Of Objective Considerations Of Nonobviousness.**

WPI presented evidence of commercial success, copying, and industry praise in support of the fourth *Graham* factor.[9]  [WPI Response Brief (ECF No. 104) at 25-31].  WPI respectfully submits that the Court improperly determined that WPI presented "no evidence" that any commercial success was due to the embossments.  WPI also submits that the Court improperly discounted WPI's evidence of industry praise.

Regarding commercial success, WPI presented testimony from Donald Murray that the embossments led to commercial success of WPI's StoveTop FireStop.  [App. to WPI Response Brief (ECF No. 128-5) at 238, 239 (Donald Murray Dep., 213:16-215:11, 217:22-218:3)].  WPI, moreover, presented testimony that the embossments played such an important role in WWT's Auto-Out device that WWT was forced to add the embossments back to the Auto-Out device, even in the face of a claim for patent infringement.  [App. to WPI Response Brief (ECF No. 128-3) at 148, 153, 162-63 (Brent Williams Dep., 97:19-99:19, 205:19-206:1, 291:10-14, 292:8-12, 295:5-7); App. to WPI Response Brief (ECF No. 128-5) at 259 (David Procious Dep., 19:4-24); App. to WPI Response Brief (ECF No. 128-10) at 441 (Decl. of David Fuller)].  A fair and reasonable inference from this evidence is that the commercial success of the Auto-Out device was due to the claimed invention, just as Murray testified was the case with respect to WPI's device.  *See Gambro Lundia AB v. Baxter Healthcare Corp.*, 110 F.3d 1573, 1579 (Fed. Cir. 1997) (relying on commercial success of the accused product).  This is not a "no evidence" situation.  Rather, this evidence demonstrates that there is a genuine issue of material fact as to the commercial success of the claimed invention.

---

[9] The Court acknowledged that WPI presented evidence of copying.  [Order (ECF No. 158) at 23].

WPI also presented evidence of industry praise. Critically, this praise came straight from Brent Williams, head of WWT. [App. to WPI Response Brief (ECF No. 128-3) at 147-48 (Brent Williams Dep., 96:6-9, 97:19-99:19)]. WPI also presented evidence of industry praise from one of WWT's vendors that assisted in the development of WWT's Auto-Out device. [App. to WPI Response Brief (ECF No. 128-6) at 279-84 (Robert Thomas Dep., 9:24-10:8, 25:7-34:23, 84:21-85:20)].

In its Order, the Court suggested that praise before litigation is the relevant inquiry. [Order (ECF No. 158) at 23]. No such limitation is set forth in the *Gambro* case cited by the Court. Instead, in *Gambro*, the court simply pointed out that the accused infringer had praised the invention prior to litigation. *Gambro*, 110 F.3d at 1579 ("For instance, before this litigation, Baxter recognized calibration during dialysis as a significant advance."). Here, even in the face of litigation, Brent Williams praised the invention. Regardless of timing, praise by WWT and its vendor should have been presented to the jury for resolution on the fourth *Graham* factor. *See Kinetic Concepts, Inc. v. Smith & Nephew, Inc.*, 688 F.3d 1342, 1367-68 (Fed. Cir. 2012) (relying on industry praise in the form of trial testimony from defendant's expert witness).

Collectively, WPI presented evidence in support of the objective considerations of nonobviousness. This evidence demonstrated the existence of genuine issues of material fact regarding the validity of the '075 Patent.

**D.  Judicial Economy And Efficiency Weigh In Favor Of Reconsideration.**

The Court should reconsider and vacate its summary judgment order for reasons of judicial economy and efficiency. As the case presently sits, a jury will decide whether WWT infringed claims 25 and 26 of the '075 Patent. Claims 25 and 26 are dependent claims. [App. to WPI Response Brief (ECF No. 128) at 16 (United States Patent No. 5,518,075)]. Claim 25 depends on claim 23, and claim 26 depends on claim 24. [*Id*.]. "It is axiomatic that dependent

claims cannot be found infringed unless the claims from which they depend have been found to have been infringed." *Wahpeton Canvas Co., Inc. v. Frontier, Inc.*, 870 F.2d 1546, 1553 (Fed. Cir. 1989). Even when an independent claim has been withdrawn from an infringement suit, it is still subject to an infringement determination when claims that are dependent upon it are subject to adjudication. *Honeywell Int'l, Inc. v. Universal Avionics Systems, Corp.*, 488 F.3d 982, 995-96 (Fed. Cir. 2007). As a result, the jury in this case will be called upon to determine whether WWT infringed claims 23 and 24 as part of its determination of whether WWT infringed dependent claims 25 and 26.

WWT will attempt at trial to establish that (1) it did not infringe claims 25 or 26, and (2) claims 25 and 26 are obvious and, therefore, invalid. The net result is that there will be a trial on infringement of claims 23 through 26 and obviousness pertaining to claims 25 and 26, notwithstanding the existing summary judgment order. WPI respectfully submits that if there is going to be a trial on infringement and invalidity, it makes practical sense to try the underlying factual inquiries pertaining to WWT's affirmative defense of obviousness as to claims 23 and 24 to the same jury in the interest of judicial economy. Both the Court and the parties will benefit from a complete record on all issues.

## IV.
## PRAYER FOR RELIEF

WPI respectfully requests that the Court grant its Motion for Reconsideration and vacate the Partial Summary Judgment it granted on WWT's affirmative defense of invalidity due to obviousness (ECF No. 158) and order that the jury determine all infringement and invalidity issues with respect to Claims 23, 24, 25, and 26 of the '075 Patent. WPI further respectfully requests that all matters be set for trial on August 24, 2015. Finally, due to the timing of trial,

WPI requests that the Court order expedited briefing so that this motion may be resolved prior to trial.

                Respectfully submitted,

                */s/ Michael D. Anderson*
                J. Lyndell Kirkley
                State Bar No. 11523000
                Email: kirkley@kbblawyers.com
                KIRKLEY & BERRYMAN, L.L.P.
                100 N. Forest Park Blvd., Suite 220
                Fort Worth, Texas 76102
                (817) 335-3311  (Telephone)
                (817) 335-7733  (Facsimile)

                and

                Hugh G. Connor II
                State Bar No. 00787272
                Email: hugh.connor@kellyhart.com
                Michael D. Anderson
                State Bar No. 24031699
                Email:  michael.anderson@kellyhart.com
                Derek W. Anderson
                State Bar No. 24012215
                Email: derek.anderson@kellyhart.com
                KELLY HART & HALLMAN LLP
                201 Main Street, Suite 2500
                Fort Worth, Texas  76102
                (817) 332-2500  (Telephone)
                (817) 878-9280  (Facsimile)

                **ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 27, 2015, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the CM/ECF system of the Court which will send a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

    Michael T. Cooke/Decker A. Cammack/Dave R. Gunter
    FRIEDMAN, SUDER & COOKE
    604 East 4th Street, Suite 200
    Fort Worth, Texas 76102

                                           */s/ Michael D. Anderson*
                                           Michael D. Anderson